*F. S. Gates*, for plaintiff.

*C. C. Lemert*, for defendant.

---

## JUDGMENTS FOR ALIMONY.

[Circuit Court of Cuyahoga County.]

Carl M. Hoffman v. Minnie Hoffman.

Decided, October 29, 1906.

*Divorce and Alimony—Order that Alimony be Paid in Installments—
Husband not Absolved from Payment by a Second Marriage—En-
forcement of Payment by Contempt Proceedings.*

Where a wife obtains a decree for divorce, with an order that the husband pay to her alimony in a stipulated sum per month until the gross amount allowed has been paid, the judgment for alimony can not be defeated, or a commitment to jail for failure to pay avoided, by the subsequent marriage of the defendant to another woman and the setting up by him of the claim that all of his meager salary is required to support his new family.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

In November, 1903, Minnie Hoffman was granted a divorce from Carl M. Hoffman, and a decree entered that Carl. pay her as alimony, the sum of $15 per month until the aggregate amount paid should be $750. He paid the monthly installments up to the month of April, 1906, when he was in default, and proceedings in contempt were brought against him, and on the 21st day of April, 1906, he was found guilty and ordered to pay to Minnie Hoffman $15 on or before the 10th day of May, 1906, and in default of such payment that he be committed to jail until payment should be made, or until he be otherwise discharged by due course of law.

Error is prosecuted to this order, because it is said the facts show that Mr. Hoffman had a good and lawful reason for not paying. This reason was that, less than two weeks after the divorce was obtained against him, he married another woman, whereby he became a husband living with his wife. He is a resident of Ohio, and neither he nor his wife is the owner of a homestead. His earnings are but $15 per week and it takes it all, he says, to support himself and his new family.

It is manifest that if this decree for alimony were an ordinary debt, nothing could be collected upon it except as he saw fit to pay. But it is not a debt in the ordinary sense; it is not a judgment in the ordinary sense. See *The State, on Complaint of Cook* v. *Cook*, 66 O. S., 566. The second clause of the syllabus reads:

"A final decree for alimony is not a debt within the purview of the constitutional inhibition against imprisonment for debt, but it is such an order that, under favor of Sectioin 5640, R. S., punshment as for a contempt may follow a willful failure to comply with it."

And in the opinion in the same case, at page 572, speaking of the obigation to pay alimony, Judge Spear says:

"It seems manifest that so far as the obligation of the husband enters into the consideration and affords a basis for the court's action, it is not a debt in the sense of a pecuniary obligation;

it arises from a duty which the husband owes as well to the public, as to the wife.    * * *  The liability originates in the wrongful act of the husband.''

Again he says, on page 573:

''The withholding of this allowance, therefore, by the husband, when able to respond, is a refusal to abide by and perform the order and decree of the court, and it is difficult to see why such refusal should not be punished as a contempt, for the same reason and upon the same grounds that orders and decrees of courts of equity, in injunction and the like, are in like manner enforced.''

The only remaining question is, whether this plaintiff in error was unable to perform the order made.

He gets but $60 per month, or at most $15 per week. He goes into detail somewhat about his expenses and shows that he is expending this amount in the support of himself and his present wife, but his evidence fails to show that, by close economy, he could not get on with less. It needs no going into details to show that it would require close economy, very close economy, to support his present family and pay this alimony, but no reason appears why he and his present wife should not be required to exercise the closest economy that this alimony should be paid.

With the order upon him to pay the alimony he saw fit to marry another woman. She, presumably knowing that his treatment of his former wife had been such as to entitle her to a divorce and to this alimony, both of them knowing this, they chose to marry one another; they must abide the consequences. It would be a travesty to allow this husband to defeat the order of the court by voluntarily taking upon himself new obligations, and then have them treated as superior to the obligations already incurred by him to his former wife and to the public as determined by the court.

Judgment affirmed.

*Miller & Linder,* for plaintiff in error.

*Kerruish & Kerruish,* for defendant in error.